■ The People of the State of New York, Respondent, v Frederico Gonzalez, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 21, 1976, convicting him of two counts of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. By order dated February 6, 1978, this court affirmed the judgment *(People v Gonzalez,* 61 AD2d 890). On July 10, 1978, this court granted defendant's motion for reargument, vacated the prior decision and order, and modified the judgment by reducing the minimum periods of incarceration to which defendant was sentenced (64 AD2d 618). On July 10, 1979, the Court of Appeals reversed and remitted the matter to this court "for *de novo* consideration of the appeal" (47 NY2d 606, 612). Judgment reversed, on the law, and new trial ordered. Appellant's conviction was the result of his having made two sales of cocaine to an undercover police officer. Appellant raises a number of issues on appeal, one of which requires reversal. Although the evidence of guilt was overwhelming, we are constrained to reverse appellant's conviction because he was denied his right to a public trial by the sealing of the courtroom during the testimony of two undercover police officers and a confidential informant. It is error to close a trial to the public where such a closing is not preceded by an inquiry careful enough to assure the court that the defendant's right to a public trial is not being sacrificed for less than compelling reasons, and such an error is reversible per se requiring no showing of prejudice *(People v Jones,* 47 NY2d 409). In the instant case, prior to the testimony of the first undercover officer, the courtroom was sealed upon the mere assertion of the prosecutor that (1) the witness was still working in an undercover capacity, (2) the court in which the matter was being tried handled solely narcotics

cases, and (3) the particular floor of the courtroom was unprotected and the prosecutor feared for the officer's safety. The courtroom was again sealed during the testimony of the second undercover officer on the bare statement by the prosecutor that the officer was still working in an undercover capacity and had several open cases. No further inquiry was made by the trial court in either instance. We hold that the factors proffered by the prosecutor were not sufficient to justify the closing. That undercover work at times entails serious threats to the safety of agents is by no means sufficient to connect that threat to the witness *(People v Jones, supra)*. It follows that the mere fact that the trial court in the instant case handled solely narcotics cases is, without more, equally insufficient to establish that public testimony by the officer would threaten his safety or the integrity of any other case. The third sealing of the courtroom, which occurred during the testimony of the confidential informant, was not the result of a request by the prosecutor, but rather, was the result of the court's own initiative after it had conducted an *in camera* interview of the informant. There were, however, no facts elicited during either the colloquy preceding the decision to hold the *in camera* interview, or during the interview itself, which justified the closing. Appellant's right to a public trial was thus again violated. Accordingly, the judgment is reversed and a new trial is ordered. Rabin, J. P., Gulotta, Cohalan and O'Connor, JJ., concur.