■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN MILLER, Appellant. — Appeal from judgment, Supreme Court, Bronx County (Duncan McNab, J.), rendered December 5, 1980, convicting defendant upon a jury verdict of assault in the first degree and criminal possession of a weapon in the third degree and sentencing him as a predicate felon to terms of 7½ to 15 years and 2½ to 5 years respectively, to be served concurrently, held in abeyance, and motion by assigned counsel to be relieved is granted and new appellate counsel is appointed. ¶ Assigned counsel's brief seeking to be relieved states that after a thorough review of the record he is of the opinion that there are no valid issues that could legitimately be raised on an appeal. In an affidavit addressed to the court, defendant points out possible bases for appeal and invites the court's attention to a letter addressed to him from trial counsel (not assigned appellate counsel) suggesting, without indicating them, that there are appealable issues which were preserved on the record. Although not dispositive, these suggestions merit consideration. ¶ *Anders v California* (386 US 738) and *People v Saunders* (52 AD2d 833) require that a request for permission to withdraw as counsel be accompanied by a brief "reciting the underlying facts and highlighting anything in the record that might arguably support the appeal." Counsel's brief here contains 33 pages consisting of a mere summary of the testimony of the various witnesses on the trial, followed by a two-page, relatively brief and limited discussion of possible issues on appeal, dismissing them all without sufficient analysis. Counsel does not demonstrate that the appeal is "wholly frivolous, after a conscientious examination of the record" (*People v Saunders,* 52 AD2d 833, *supra*). The brief does not meet the minimum requirement of a statement of the factual and legal issues relevant to the conviction and sentence sufficient to enable the court to evaluate and correctly decide the appeal. We cannot determine on the basis of the brief and record whether there is merit to defendant's *pro se* contentions or whether there are arguable issues calling for a new trial or providing a basis for other procedures (*People v Lowery,* 86 AD2d 537, 538). A proper *Anders-Saunders* brief should "induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel." (*Anders v California, supra,* p 745.) ¶ We do not now pass on whether there are appealable issues or whether an appeal will result in a reversal or other procedures. We conclude only that on the basis of the present brief we are unable properly to dispose of the appeal. Under the circumstances, defendant is entitled to have new counsel appointed, and we so direct (*People v Saunders, supra*). Concur — Sullivan, J. P., Ross, Bloom, Fein and Milonas, JJ.