■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORIO GUTIERREZ, Also Known as GREGORI GUTIERREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered March 29, 1985, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During the course of the trial, the prosecutrix moved to seal the courtroom during the testimony of an undercover officer, based upon her assertion that the undercover officer was still actively working in the county and that she feared for his safety in that he might be recognized by people entering the courtroom. Defense counsel objected, arguing that only the defendant's mother and sister were present in the courtroom and that they should be permitted to remain to insure that the trial was not a "star chamber" proceeding, and because they did not pose a threat to the undercover officer. After these arguments, the court stated, "[T]his is an undercover

operation. I think I'm inclined to go along with the District Attorney. I will close the courtroom". The defendant's mother and sister were then asked to leave the courtroom.

The reasons proffered by the prosecutrix were not sufficient to justify the closing of the courtroom (see, People v Gonzalez, 74 AD2d 928; People v Brown, 79 AD2d 659). "That undercover work at times entails serious threats to the safety of agents is by no means sufficient to connect that threat to the witness" (People v Gonzalez, supra, at 929). The prosecutrix's conclusory motion was not reasonably directed toward the ascertainment of whether the undercover officer's public testimony would threaten his safety or the integrity of other cases (see, People v Jones, 47 NY2d 409, cert denied 444 US 946). Although there should have been a factual showing that an exception to the norm of a public trial was justified, instead, "the court was content to rely on its own unparticularized impressions of the vicissitudes of undercover narcotics work in general" (People v Jones, supra, at 415).

We also note that Police Officer Dieterich was improperly permitted, over objection, to bolster the identification of the defendant by the undercover officer by repeating the content of the radio transmission in which the undercover officer stated that the backup team had arrested the correct person (see, People v Trowbridge, 305 NY 471). The defendant's other contentions are unpreserved for our review (see, People v Johnson, 42 NY2d 841; People v Jones, 81 AD2d 22, 36-39), and, in any event, are without merit (see, People v Paranzino, 40 NY2d 1005; People v Sirianni, 97 AD2d 938). Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.