■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD SMITH, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Browne, J.), rendered February 26, 1985, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered April 4, 1985, convicting him of robbery in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Benjamin Bernstein is

relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Leon H. Tracy, of 1253 E. 105 St., Brooklyn, New York, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Based upon this court's independent review of the record, we conclude that arguable issues exist with respect, *inter alia,* to the propriety of the showup identification procedures; the admission of police officer testimony concerning the witnesses' identification of the defendant; whether the prosecution failed to turn over exculpatory evidence; and whether the trial court properly restricted defense counsel's summation. Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel is granted and new appellate counsel is assigned *(see, People v Gonzalez,* 47 NY2d 606; *People v Casiano,* 67 NY2d 906; *People v Miller,* 99 AD2d 1021). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.