■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGH HENRY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered February 25, 1987, convicting him of criminal posses-

sion of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that Arthur I. King is relieved as the attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Steven A. Feldman of 300 Rabro Drive, Suite 152, Hauppauge, New York, 11788, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the defendant's assigned appellate counsel consisted essentially of a one-page "Digest of Essential Facts" and a 1½-page argument. Appellate counsel merely set forth the point headings for the two issues the defendant sought to raise with only a two-sentence discussion of one point and absolutely no discussion of the other point.

Under the circumstances, the defendant was denied his right to effective assistance of counsel when the attorney appointed to handle his appeal filed a wholly deficient brief *(see, People v Gonzalez,* 47 NY2d 606, *on remand* 74 AD2d 928, *appeal after remand* 81 AD2d 838). Accordingly, a new assignment of counsel and reconsideration of the appeal is required, since "neither a review of the record by the Appellate Division nor a *pro se* brief can substitute for the single-minded advocacy of appellate counsel" *(People v Casiano,* 67 NY2d 906, 907). Brown, J. P., Lawrence, Weinstein and Balletta, JJ., concur.