(November 3, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY STEVEN BING, Appellant.—Appeal by defendant Jay Steven Bing from the judgment of the Supreme Court, Bronx County (Eugene L. Nardelli, J., at suppression hearing, jury trial and sentence), rendered February 16, 1984, convicting him of murder in the second degree, and sentencing him to an indeterminate prison term of 25 years to life, held in abeyance pending the assignment of new appellate counsel, pursuant to section 722 of the County Law, and the perfection of the appeal.

Although defendant's assigned appellate counsel does not indicate when he was assigned to the within appeal, there are letters in the record from defendant to counsel dating from January 20, 1985. Nearly three years later, counsel has filed a five-page *Anders-Saunders* brief *(see, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833), covering an 800-page trial record, claiming that the appeal is frivolous and requesting permission to withdraw. Defendant, in turn, has submitted a 39-page *pro se* brief advancing three appellate claims.

We are of the opinion that counsel's purported *Anders-Saunders* brief is inadequate. The brief neither discusses nor analyzes potential issues presented by the record, such as the lower court's adverse pretrial suppression ruling, and therefore, fails to "meet the minimum requirement of a statement of the factual and legal issues relevant to the conviction and sentence sufficient to enable the court to evaluate and correctly decide the appeal." *(People v Miller,* 99 AD2d 1021.) A new assignment of counsel is required, for as the Court of Appeals has observed in the context of *Anders-Saunders* briefs, "neither a review of the record by the Appellate Division nor a *pro se* brief can substitute for the single-minded advocacy of appellate counsel *(see, People v Gonzalez,* [47 NY2d 606,] 610-611)". *(People v Casiano,* 67 NY2d 906, 907.)

Accordingly, the motion of assigned counsel to withdraw is granted, and determination of the appeal is held in abeyance pending the assignment of new counsel who is directed to perfect the appeal within 90 days from the date of such

assignment. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.