■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONSDELL WASHINGTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered July 21, 1983, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Gerald J. Mondora is relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Andrew Green, of 62 Maple Drive, Great Neck, New York, 11021, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Based upon this court's independent review of the record, we conclude that arguable issues exist with respect, *inter alia,* to the issues which the defendant apprised appellate counsel he wished to have reviewed. We additionally note that appellate counsel, in reviewing the record, failed to discover a decision and order by the hearing court with respect to the defendant's motion to suppress his statements and mischaracterized the sentences received by the codefendants. Under the circumstances, the motion of the defendant's assigned counsel

to be relieved as counsel is granted and new appellate counsel is assigned *(see, People v Gonzalez,* 47 NY2d 606; *People v Casiano,* 67 NY2d 906; *People v Miller,* 99 AD2d 1021). Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.