THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND METZ, Also Known as STANFORD WHITE, Appellant. —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Rotker, J.), both rendered March 16, 1983, convicting him of attempted murder in the second degree, robbery in the first degree (seven counts), criminal use of a firearm in the first degree (two counts), assault in the first degree, robbery in the second degree (two counts), criminal use of a firearm in the second degree (two counts), criminal possession of a weapon in the second degree, assault in the second degree, reckless endangerment in the first degree, criminal possession of a weapon in the third degree, and unlawful imprisonment in the first degree (two counts) under indictment No. 2538/82, and sodomy in the first degree (three counts) and sexual abuse in the first degree under indictment No. 2539/82, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Wallace M. Germain of 89-27 37th Avenue, Jackson Heights, New York, is relieved as

attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Leroi Hill, of 1 Main Street, Brooklyn, New York 11201, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Assigned counsel submitted a brief in which he indicated that there was no merit to the defendant's appeal. The defendant submitted a supplemental *pro se* brief raising certain issues which he sought to have reviewed. Assigned counsel subsequently submitted an additional brief again indicating his belief that the defendant's appeal was meritless.

We find that assigned counsel denigrated the claims which the defendant sought to raise in his supplemental *pro se* brief *(see, People v Vasquez,* 70 NY2d 1, 4; *People v Jimenez,* 133 AD2d 350). Counsel should not have made speculative comments against his client's interests. We also note that counsel filed his main brief when he was not in possession of all of the relevant minutes of the subject suppression hearing. Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel is granted and new appellate counsel is assigned *(see, People v Gonzalez,* 47 NY2d 606; *People v Casiano,* 67 NY2d 906; *People v Miller,* 99 AD2d 1021). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.