■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHFORD GRANT, Appellant.—On the court's own motion, its decision and order on motion dated December 7, 1990, is recalled and vacated and the following decision and order is substituted therefor:

Appeal by the defendant from two judgments of the County Court, Nassau County (Delin, J.), both rendered August 19, 1988, convicting him of criminal sale of a controlled substance in the second degree under indictment No. 67302 and criminal sale of a controlled substance in the third degree under indictment No. 68346, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Steven M. Jaeger is relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Colin F. O'Donell, of 200 Garden City Plaza, Suite 100, Garden City, New York 11530, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on

behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Based upon this court's independent review of the record, we conclude an arguable issue exists with respect, *inter alia,* to whether the sentencing court properly ordered the defendant to reimburse to the Nassau County Police Department the so-called "buy" money that was expended in connection with the defendant's arrest *(see, People v Rowe,* 75 NY2d 948). Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel is granted and new appellate counsel is assigned *(see, People v Gonzalez,* 47 NY2d 606; *People v Casiano,* 67 NY2d 906; *People v Miller,* 99 AD2d 1021). Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.