■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL TERRY, Appellant.—Appeal by the defendant, as limited by his brief, from two amended sentences of the County Court, Westchester County (Nicolai, J.), both imposed December 7, 1988.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL TERRY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered September 16, 1988, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Terry Kirschenbaum is relieved as attorney for the defendant and he is directed to

turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that George Dunn, of 160 Theodore Fremd Avenue, A-1, Rye, New York 10580, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Based upon this court's independent review of the record, we conclude that arguable issues exist with respect, *inter alia,* to the denial of that branch of the defendant's omnibus motion which was to suppress the statement made by him to law enforcement authorities and the denial of his motion to withdraw his plea of guilty. Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel is granted and new appellate counsel is assigned *(see, People v Gonzalez,* 47 NY2d 606; *see also, People v Casiano,* 67 NY2d 906; *People v Miller,* 99 AD2d 1021). Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.