■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON CLINTON, Appellant.—Appeals by the defendant from four judgments of the Supreme Court, Kings County (Pesce, J.), all rendered October 1, 1990, convicting him of criminal possession of a controlled substance in the third degree under Indictment No. 12841/88, criminal possession of a weapon in the third degree (two counts; one count as to Indictment No. 13480/88 and one count as to Indictment No. 1634/89), and criminal sale of a controlled substance in the third degree under Indictment No. 3450/90, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in

accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute the appeals.

Ordered that the motion is granted, David Glovin is relieved as attorney for the defendant, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Ellen Leventhal, of 16 Court Street, Suite 3500, Brooklyn, New York 11241, is assigned as counsel to perfect the appeals; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeals on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Based upon this court's independent review of the record, we conclude that arguable issues exist with respect, *inter alia,* to whether the court should have conducted a suppression hearing with regard to Indictment No. 1634/89. Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel is granted and new appellate counsel is assigned *(see, People v Gonzalez,* 47 NY2d 606; *People v Casiano,* 67 NY2d 906; *People v Miller,* 99 AD2d 1021). Thompson, J. P., Lawrence, Miller, O'Brien and Ritter, JJ., concur.