■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO TOLEDO, Appellant. [598 NYS2d 968] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered January 8, 1991, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Leon Tracy of Manhassett Hills, N.Y. is relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Sally Wasserman of 352 Seventh Ave., 11th Floor, New York, N.Y., 10001, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this

decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Based upon this Court's independent review of the record, we conclude that arguable issues exist which could be raised on appeal, including but not limited to the length of the sentence imposed *(People v Casiano,* 67 NY2d 906; *People v Woodham,* 153 AD2d 599; *People v Miller,* 99 AD2d 1021). We note that although a *Huntley* hearing was held, counsel does not indicate that he reviewed the hearing minutes, or that he ruled out the existence of any nonfrivolous issues with respect thereto. Accordingly, the motion of the defendant's assigned appellate counsel to be relieved as counsel is granted and new appellate counsel is assigned. Bracken, J. P., Miller, Lawrence, Copertino and Santucci, JJ., concur.