■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL HARVEY, Appellant. [675 NYS2d 565] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Roman, J.), rendered July 15, 1993, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and (2) a judgment of the same court (Flaherty, J.), rendered November 9, 1995, convicting him of burglary in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentences. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute the appeals.

Ordered that the judgment rendered July 15, 1993, is affirmed; and it is further,

Ordered that the motion to be relieved of the assignment to prosecute the appeals is granted, Leon H. Tracy is relieved as attorney for the defendant, and he is directed to turn over all papers in his possession relating to the appeal from the judgment rendered November 9, 1995, to new counsel assigned herein; and it is further,

Ordered that Dale Block Pennington, of 107-19 71st Avenue, Forest Hills, N. Y. 11375, is assigned as counsel to perfect the appeal from the judgment rendered November 9, 1995; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this deci-

sion and order and the People shall serve and file their brief within 120 days of the date of this decision and order, and the appeal is held in abeyance in the interim.

We have reviewed the record on the appeal from the judgment rendered July 15, 1993, and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on that appeal. Counsel's application for leave to withdraw as counsel is granted on that appeal (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *People v Gonzalez,* 47 NY2d 606).

Based upon this Court's independent review of the record on the appeal from the judgment rendered November 9, 1995, however, we conclude that arguable issues exist with respect to, *inter alia,* whether the verdict convicting the defendant of burglary in the second degree was against the weight of the evidence and whether the evidence was legally sufficient to sustain the finding that the defendant possessed the requisite intent to commit a crime. Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel on the appeal from the judgment rendered November 9, 1995, is granted and new appellate counsel is assigned (*see, People v Gonzalez, supra; People v Casiano,* 67 NY2d 906; *People v Miller,* 99 AD2d 1021). Rosenblatt, J. P., O'Brien, Krausman and Goldstein, JJ., concur.