■ In the Matter of ROSINA W., a Child Alleged to be Abused. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FRIMPONG W., Appellant. [735 NYS2d 790] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition (one paper) of the Family Court, Kings County (Grosvenor, J.), dated May 18, 1999, which, after a fact-finding hearing, *inter alia,* found that he had abused the child, Rosina W. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Robert E. Nicholson is relieved as counsel for the appellant, and he is directed to turn over all papers in possession to new counsel assigned herein; and it is further,

Ordered that Lawrence Salvato, P.O. Box 6401, New York, N. Y., is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent's counsel is directed to turn over a copy of the transcript of the proceedings to new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and or-

der and the respondent may serve and file a brief within 120 days of this decision and order; by prior decision and order of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including a certified transcript of the proceedings), and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Based upon this Court's independent review of the record, we conclude that there is a nonfrivolous issue with respect to whether the record supports the finding of abuse. Under the circumstances, the motion of the defendant's assigned counsel to be relieved of counsel is granted and new appellate counsel is assigned (*see, People v Gonzalez,* 47 NY2d 606; *People v Casiano,* 67 NY2d 906; *People v Miller,* 99 AD2d 1021). Altman, J. P., Smith, Adams and Prudenti, JJ., concur.