(January 23, 2002)

■ In the Matter of TIFFANY L., a Child Alleged to be Neglected. MILDRED L., Appellant; ST. VINCENT'S SERVICES, INC., Respondent. [736 NYS2d 277] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from so much of an order of the Family Court, Kings County (Pearce, J.), dated April 12, 2000, as, after fact-finding and dispositional hearings, and upon her default in appearing at the fact-finding hearing, terminated her parental rights and transferred custody and guardianship of the subject child to the Commis-

sioner of Social Services of the City of New York and St. Vincent's Services, Inc., for the purpose of adoption. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which she moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Carol Kahn is relieved as attorney for the appellant, and she is directed to turn over to new counsel assigned herein all papers in her possession; and it is further,

Ordered that Arza Feldman, 300 Rabro Dr., Hauppauge, N.Y., 11788, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent's counsel is directed to turn over a copy of the transcript of the proceedings to new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant on or before February 25, 2002, the respondent and the Law Guardian shall serve and file their briefs on or before March 11, 2002, and any reply brief shall be served and filed on or before March 18, 2002; by prior decision and order of this Court, we directed that the appeal be heard on the original papers (including a certified transcript of the proceedings), and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other; and it is further,

Ordered that the appeal is placed on the calendar for *Friday, March 29, 2002,* and the appeal shall be heard on that day.

Based upon this Court's independent review of the record on appeal, we conclude that under these circumstances, where the mother ultimately appeared at the dispositional hearing, non-frivolous issues exist, inter alia, as to whether the Family Court improvidently exercised its discretion in failing to start that hearing anew. Accordingly, the motion of the mother's assigned counsel to be relieved as counsel is granted and new appellate counsel is assigned (*cf., People v Gonzalez,* 47 NY2d 606; *People v Casiano,* 67 NY2d 906; *People v Miller,* 99 AD2d 1021). Goldstein, J.P., McGinity, Luciano and Crane, JJ., concur.