*47 OPINION OF THE COURT
Memorandum.
Appeal held in abeyance, application by Evelyn K. Isaac, Esq., to be relieved as counsel granted and new counsel assigned to prosecute the appeal. Evelyn K. Isaac, Esq., is directed to turn over all papers in her possession to new counsel assigned herein, and new counsel shall serve and file a brief on behalf of defendant within 90 days of the date of this decision and order, and the People shall serve and file their brief within two weeks thereafter.
The legal analysis presented in assigned counsel’s Anders brief consists essentially of the following three sentences:
“I can find no issue of fact, law or matter of discretion for this Court to review. Defendant took Pleas in this matter and in his Misdemeanor Conviction Waiver Forms waived his right to appeal his conviction.
“Moreover, the sentence appears to have been proper and does not appear to have been excessively harsh or unfair.”
At minimum, an Anders brief must “refer[ ] to anything in the record that might arguably support the appeal” (Anders v California, 386 US 738, 744 [1967]) via “ ‘a statement of the factual and legal issues relevant to the conviction and sentence sufficient to enable the court to evaluate and correctly decide the appeal’ ” (People v Bing, 144 AD2d 249, 249 [1988], quoting People v Miller, 99 AD2d 1021 [1984]). As an appellate court’s review of the record cannot “substitute for the single-minded advocacy of appellate counsel” (People v Casiano, 67 NY2d 906, 907 [1986]), a brief that fails to satisfy this standard deprives a defendant of the right to the effective assistance of appellate counsel (People v Stokes, 95 NY2d 633 [2001]; People v Johnson, 11 Misc 3d 136[A], 2006 NY Slip Op 50494[U] [App Term, 9th & 10th Jud Dists 2006]).
Accordingly, appellate counsel’s application to be relieved of her representation must be granted and new counsel assigned to prosecute the appeal (see People v Sharpe, 16 Misc 3d 126[A], 2007 NY Slip Op 51216[U] [App Term, 9th & 10th Jud Dists 2007]).
Rudolph, EJ., Tanenbaum and Scheinkman, JJ., concur.