■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BARGER, Appellant. [897 NYS2d 521]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered July 10, 2007, convicting him of driving while intoxicated, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) and moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, David R. Zagon is relieved as counsel for the appellant, and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that John Savoca, P.O. Box 531, Yorktown Heights, NY, 10598, is assigned as counsel to perfect the appeal from the judgment of conviction rendered July 10, 2007; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

If "after a conscientious examination of the record" assigned counsel finds a case to be "wholly frivolous," counsel should "so advise the court and request permission to withdraw" (*People v Saunders*, 52 AD2d 833, 833 [1976]; *see Anders v California*, 386 US 738, 744 [1967]; *People v Stokes*, 95 NY2d 633, 637 [2001]). "Such request should be accompanied by a brief reciting the underlying facts and highlighting anything in the record that might arguably support the appeal" (*People v Saunders*, 52 AD2d at 833; *see Anders v California*, 386 US at 744; *People v Stokes*, 95 NY2d at 637; *People v Brown*, 140 AD2d 363 [1988]).

The factual summary and analysis contained in the brief submitted by the defendant's assigned counsel was limited to a recitation of the circumstances surrounding the defendant's withdrawn plea of guilty. After the withdrawal of the plea, however, a three-day jury trial and a sentencing proceeding were held. Counsel's brief contained no reference to pretrial proceedings, merely mentioned that a jury trial was held without reciting the evidence presented at the trial, and did not analyze whether any possible issues for appeal arose from the pretrial proceedings, the trial, or the sentencing proceeding. Under these circumstances, the wholly deficient brief submitted by assigned counsel failed to "adequately safeguard [the defendant's] right to appellate counsel" (*People v Stokes*, 95 NY2d 633, 635 [2001]; *People v Gonzalez*, 47 NY2d 606 [1979]; *People v Woodward*, 145 AD2d 364 [1988]; *People v Henry*, 143 AD2d 277, 278 [1988]). Since a review of the record by the Appellate Division cannot substitute for "the single-minded advocacy of appellate counsel," a new assignment of counsel and reconsideration of the appeal is required (*People v Casiano*, 67 NY2d 906, 907 [1986]; *see People v Stokes*, 95 NY2d 633 [2001]; *People v Gonzalez*, 47 NY2d 606 [1979]; *People v Woodward*, 145 AD2d 364 [1988]; *People v Henry*, 143 AD2d at 278). Skelos, J.P., Santucci, Angiolillo and Chambers, JJ., concur.