■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GETER, Appellant. [940 NYS2d 898]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered April 19, 2005, convicting him of rape in the third degree, endangering the welfare of a child, and unlawfully dealing with a child in the first degree, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Matthew B. Tully for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Mark Diamond, Esq., Box 287356, Yorkville Station, New York, N.Y., 10128, is assigned as counsel to perfect the appeal; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated February 1, 2006, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]), was deficient because it failed to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v Sanders*, 91 AD3d 798 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]; *People v Barger*, 72 AD3d 696, 697 [2010]). Since the brief does not demonstrate that assigned counsel acted "as an active advocate on behalf of his . . . client" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256 [internal quotation marks omitted]), we must assign new counsel to represent the appellant (*see People v Sanders*, 91 AD3d 798 [2012]; *People v Foster*, 90 AD3d 1070 [2011]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258).

In any event, upon this Court's independent review of the

record, we conclude that nonfrivolous issues exist with respect to, inter alia, the admissibility into evidence of the appellant's statement to the police (*cf. People v Tarsia*, 50 NY2d 1, 11 [1980]). Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.