■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BROWN, Appellant. [946 NYS2d 480]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered December 10, 2009, convicting him of burglary in the first degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN G. BROWN, Appellant. [946 NYS2d 254]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered May 24, 2010, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Edward C. Bruno for leave to

withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Steven A. Feldman, 626 RXR Plaza, West Tower, 6th Floor, Uniondale, N.Y., 11556, is assigned as counsel to perfect the appeal; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated July 29, 2010, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]), is deficient as it fails to adequately demonstrate that assigned counsel has sufficiently analyzed potential appellate issues and fails to highlight facts in the record that could have arguably supported the appeal (*see Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]; *People v Barger*, 72 AD3d 696, 697 [2010]). Since the brief does not demonstrate that assigned counsel acted "as an active advocate on behalf of his . . . client" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256 [internal quotation marks omitted]), we must assign new counsel to represent the appellant (*see People v Sanders*, 91 AD3d 798 [2012]; *People v Foster*, 90 AD3d 1070 [2011]). Skelos, J.P., Florio, Roman and Miller, JJ., concur.