2014-2 W CR
 The People of the State of New York, Respondent,
against
Kenneth Crawford, Appellant.




Appeal from a judgment of the City Court of Yonkers, Westchester County (Arthur J. Doran, J.), rendered December 3, 2013. The judgment convicted defendant, upon his plea of guilty, of harassment in the second degree. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]) seeking leave to withdraw as counsel.




ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave to withdraw as counsel is granted, and new counsel is assigned pursuant to article 18-B of the County Law to prosecute the appeal. New counsel is directed to serve and file a brief within 90 days after the date of this decision and order. The People may serve and file a respondent's brief within 21 days after the service upon them of the appellant's brief. Appellant's new counsel, if so advised, may serve and file a reply brief within seven days after service of the respondent's brief. Relieved counsel is directed to turn over all papers in his possession to the newly assigned counsel.
Defendant was initially charged with aggravated harassment in the second degree (Penal Law § 240.30 [1]), a class A misdemeanor. Following plea negotiations, defendant pleaded guilty to harassment in the second degree (Penal Law § 240.26 [3]), a violation, and was immediately sentenced. Assigned counsel has submitted an Anders brief (Anders v California, 386 US 738 [1967]) on this appeal. Because we find that the brief submitted by assigned counsel is deficient (see Matter of Giovanni S. [Jasmin A.], 89 AD3d 252 [2011]; People v Burger, 72 AD3d 696 [2010]), we assign new counsel to prosecute the appeal on this basis alone.
Moreover, we find that at least one nonfrivolous issue may exist, to wit, that the record does not disclose that defendant voluntarily and understandingly waived his constitutional rights under Boykin v Alabama (395 US 238, 244 [1969]) before he entered his plea of guilty (see People v Conceicao, 26 NY3d 375 [2015]; see also United States v Dominguez Benitez, 542 US 74, 84 n 10 [2004]; Hanson v Phillips, 442 F3d 789 [2d Cir 2006]; People v Domin, 42 Misc 3d 149[A], 2014 NY Slip Op 50403[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]), which is also a sufficient basis to assign new counsel to prosecute the appeal.
We therefore grant assigned counsel's motion to withdraw as counsel, and assign new counsel to ascertain whether defendant desires to raise the issue and to prosecute the appeal on defendant's behalf, with respect to this issue or any other issue that can be identified.
Iannacci, J.P., and Tolbert, J., concur.
Decision Date: May 25, 2016