The People of the State of New York, Respondent,
against
Shawn E. Lawrence, Appellant.



Appeal from two judgments of the District Court of Suffolk County, First District (Toni A. Bean, J.), rendered July 18, 2012. The judgments convicted defendant, upon his pleas of guilty, of resisting arrest and harassment in the second degree, respectively. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as counsel.




ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave to withdraw as counsel is granted, and new counsel is assigned pursuant to article 18-B of the County Law to prosecute the appeal. New counsel is directed to serve and file a brief within 90 days after the date of this decision and order. The People may serve and file a respondent's brief within 21 days after the service upon them of the appellant's brief. Appellant's new counsel, if so advised, may serve and file a reply brief within seven days after service of the respondent's brief. Relieved counsel is directed to turn over all papers in his possession to the newly assigned counsel.
Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), contending that there are no nonfrivolous issues that could be raised on appeal. However, the brief submitted by assigned counsel contains a deficient statement of facts, which fails to "sufficiently describe the plea allocution," fails to review, "in any detail, the court's advisements to the defendant regarding the rights he was waiving, the inquiries made of the defendant to ensure that his plea was knowing and voluntary, or the defendant's responses to any of those advisements and inquiries," and does not "provide any detail regarding the defendant's factual admissions as to the crime charged" (People v Sedita, 113 AD3d 638, 640 [2014]). In addition, the brief does not "discuss the basis, with reference to the facts of the case and legal authority, of defense counsel's conclusion that the plea was entered knowingly and voluntarily" (id.). Thus, the brief does not demonstrate that assigned counsel acted as an active advocate for his client, or that he diligently and thoroughly examined the record for any arguable claim that might support the appeal (see Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255-256 [2011]; People v Bravo, 50 Misc 3d 132[A], 2015 NY Slip Op 51943[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; see also People v Deprosperis, 126 AD3d 997, 998 [2015]; People v Johnson, 126 AD3d 916, 917 [2015]; People v Donovan, 124 AD3d 793, 794-795 [2015]; People v Pendelton, 122 AD3d 774, 774-775 [2014]; People v Rosado, 117 AD3d 882, 883-884 [*2][2014]; People v Swensen, 116 AD3d 1073, 1073-1074 [2014]; People v Pannettiere, 114 AD3d 882, 882-883 [2014]). The brief merely recites "a bare conclusion that, after reviewing the record[,] it is the writer's opinion that there are no nonfrivolous issues to be raised on appeal" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; see People v Jones, 34 Misc 3d 141[A], 2012 NY Slip Op 50082[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Kovalovsky, 23 Misc 3d 129[A], 2009 NY Slip Op 50648[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). Furthermore, while the brief indicates that counsel invited comment from defendant, no letter to defendant is annexed to the brief, and counsel does not state how he has communicated or consulted with defendant (see People v Casiano, 67 NY2d 906, 907 [1986]). Nor did counsel inform defendant of his right to file a pro se brief and explain the procedure for doing so.
As we find that the brief submitted by assigned counsel is deficient (see Matter of Giovanni S. [Jasmin A.], 89 AD3d 252; People v Barger, 72 AD3d 696 [2010]; People v Jones, 22 Misc 3d 46 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]), we assign new counsel to prosecute the appeal. Accordingly, assigned counsel's application for leave to withdraw as counsel is granted, and new counsel is assigned to prosecute the appeal.
Garguilo, J.P., Iannacci and Brands, JJ., concur.
Decision Date: June 23, 2016