The People of the State of New York, Respondent,
against
Raimundo Nieves, Appellant.




Stephen Drummond, for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Eric C. Washer of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Althea E. M. Drysdale, J.). rendered November 3, 2016. The judgment convicted defendant, upon his plea of guilty, of reckless driving, and imposed sentence. Assigned counsel has submitted a brief pursuant to Anders v California (386 US 738 [1967]), seeking leave to withdraw as counsel.




ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave to withdraw as counsel is granted, and new counsel is assigned;
Appellate Advocates 
111 John Street, 9th Floor
New York, NY 10038. 
New counsel is directed to serve and file a brief within 90 days after the date of this decision and order. The People may serve and file a respondent's brief within 21 days after the service upon them of the appellant's brief. Appellant's new counsel, if so advised, may serve and file a reply brief within seven days after the service of the respondent's brief. Relieved counsel is directed to turn over all papers in his possession to the newly assigned counsel.
Assigned counsel has submitted a brief pursuant to Anders v California (386 US 738 [1967]) which does not reflect that his determination, that there are no nonfrivolous appealable issues, is based on "a conscientious review of the record" (People v Stokes, 95 NY2d 633, 636 [2001]). Assigned counsel's brief merely " 'state[s] a bare conclusion' that, after reviewing the record and discussing the case with the defendant, there are no nonfrivolous issues for appeal" (People v Murray, 169 AD3d 227, 232 [2019], quoting Matter of Giovanni S. [Jasmin A.], 89 [*2]AD3d 252, 258 [2011]) and, therefore, fails to "meet the minimum requirement of a statement of the factual and legal issues relevant to the conviction and sentence sufficient to enable the court to evaluate and correctly decide the appeal" (People v Miller, 99 AD2d 1021, 1021 [1984]). "It is inappropriate for this Court to analyze the merits of any particular appellate issue where the appellant has not received the benefit of a merits-based brief prepared by counsel" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 259). A new assignment of counsel is required, as an appellate court's review of the record cannot "substitute for the single-minded advocacy of appellate counsel" (People v Casiano, 67 NY2d 906, 907 [1986]; see Matter of Giovanni S. [Jasmin A.], 89 AD3d at 259).
Accordingly, the appeal is held in abeyance, assigned counsel's application for leave to withdraw as counsel is granted, and new counsel is assigned to prosecute the appeal.
ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 28, 2019