The People of the State of New York, Respondent,
against
Omar Espinoza, Appellant. 




New York City Legal Aid Society (Adrienne M. Gantt of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal from two judgments of the Criminal Court of the City of New York, Richmond County (Gerianne Abriano, J.), rendered December 12, 2016. Each judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of stolen property in the fifth degree, and imposed sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as counsel.




ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave to withdraw as counsel is granted, and new counsel is assigned pursuant to article 18-B of the County Law to prosecute the appeal;
Steven A. Feldman, Esq.
1129 Northern Blvd., Suite 404 Manhasset, NY 11030. New counsel is directed to serve and file a brief within 90 days after the date of this decision and order. The People may serve and file a respondent's brief within 21 days after the service upon them of the appellant's brief. Appellant's new counsel, if so advised, may serve and file a reply brief within seven days after service of the respondent's brief. Relieved counsel is directed to turn over all papers in his possession to the newly assigned counsel.
Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), contending that there are no nonfrivolous issues that could be raised on appeal. The legal analysis presented in assigned counsel's Anders brief consists essentially of the following four conclusory statements:
"Nothing appears in the record to indicate that the plea was entered into other than knowingly and intelligently. Appellant's guilty plea, therefore, appears to have been validly entered.
. . .
Appellant has finished serving his sentence so there are no meritorious grounds upon which to attack appellant's sentence. Accordingly, there are no non-frivolous issues that can be raised on this appeal." The brief failed to cite any cases or other legal authority in support of its conclusion that the pleas were validly entered. Moreover, there is no analysis as to the legal sufficiency of the accusatory instruments. Thus, the brief does not demonstrate that assigned counsel has acted as an active advocate on behalf of his client or that he diligently and thoroughly examined the record for any arguable claim that might support the appeal (see People v Sedita, 113 AD3d 638, 640 [2014]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255-256 [2011]; People v Scott,56 Misc 3d 127[A], 2017 NY Slip Op 50814[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Lawrence, 52 Misc 3d 132[A], 2016 NY Slip Op 51004[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v Bravo, 50 Misc 3d 132[A], 2015 NY Slip Op 51943[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Kovalovsky, 23 Misc 3d 129[A], 2009 NY Slip Op 50648[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; People v Jones, 22 Misc 3d 46, 47 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Because we find that the brief submitted by assigned counsel is deficient, we assign new counsel to prosecute the appeal on this basis alone (see Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; People v Barger, 72 AD3d 696, 697 [2010]; People v Crawford, 51 Misc 3d 150[A], 2016 NY Slip Op 50838[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). 
Accordingly, assigned counsel's application for leave to withdraw as counsel is granted and new counsel is assigned to prosecute the appeal. 
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 11, 2019