■ ERIC SWANTON, Respondent, v JENNIFER SWANTON, Appellant. [893 NYS2d 876]—In a matrimonial action in which the parties were divorced by judgment dated September 15, 2004, the defendant appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Richmond County (Silber, J.), dated July 18, 2008, as denied, without a hearing, that branch of her motion which was to modify a so-Ordered stipulation dated December 21, 2006, awarding sole custody of the parties' children to the plaintiff and awarding supervised visitation to her, so as to permit unsupervised visitation. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves to be relieved of his assignment to prosecute this appeal.

Ordered that the motion is granted, Lewis S. Calderon is relieved as counsel for the appellant, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Helene Bernstein, 44 Court Street, Suite 95, Brooklyn, N.Y., 11201, telephone number 718-748-9854, is assigned as counsel to perfect the appeal from the order dated July 18, 2008; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the plaintiff and the attorney for the chil-

dren shall serve and file their briefs within 120 days of this decision and order on motion. By prior order on certification of this Court dated September 30, 2008, as amended by decisions and orders on motion dated November 10, 2008, and November 14, 2008, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Contrary to the contention of the attorney for the children, the issuance of certain orders affecting the defendant's visitation with the parties' children subsequent to the issuance of the order appealed from, has not rendered the instant appeal academic. Furthermore, upon this Court's independent review of the record, we conclude that a nonfrivolous issue exists as to whether the Supreme Court properly denied, without a hearing, that branch of the defendant's motion which was to modify the so-Ordered stipulation so as to permit unsupervised visitation with the parties' children. Accordingly, assignment of new counsel is warranted (*see Matter of Bearfield v Sink*, 30 AD3d 1117 [2006]). Covello, J.P., Santucci, Chambers and Lott, JJ., concur.