In the Matter of BETTY NAVA, Appellant, v FREDERICK KINSLER, SR., Respondent. [912 NYS2d 228]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Lynaugh, J.), dated June 21, 2009, which, after a hearing, denied her petition to modify an order of the same court dated February 21, 2007, awarding the father residential custody of the subject child upon the parties' consent, so as to award her residential custody of the child. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves to be relieved of his assignment to prosecute this appeal.

Ordered that the motion is granted, Jason Bassett is relieved as counsel for the appellant, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Salvatore C. Adamo, 350 Fifth Avenue, 59th Floor, New York, N.Y., 10118, telephone number 212-964-7983, is assigned as counsel to perfect the appeal from the order dated June 21, 2009; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order, and the defendant and the attorney for the children shall serve and file their briefs within 120 days of this decision and order. By prior order on certification of this Court dated August 4, 2009, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that a nonfrivolous issue exists as to whether the Family Court's denial of the mother's petition to modify the existing custody order was a provident exercise of discretion (*see Swanton v Swanton*, 70 AD3d 927, 927 [2010]; *Matter of Bearfield v Sink*, 30 AD3d 1117 [2006]; *see also People v Stokes*, 95 NY2d 633, 636 [2001]; *People v Freeman*, 34 AD3d 1106, 1107 [2006]; *People v Smith*, 32 AD3d 553, 553 [2006]; *cf. Jennifer HH. v Veronica II.*, 70 AD3d 1072, 1073 [2010]). Since a review of the record by the Appellate Division cannot substitute

for "the single-minded advocacy of appellate counsel," assignment of new counsel to prosecute the appeal is warranted (*People v Casiano*, 67 NY2d 906, 907 [1986]). Skelos, J.P., Fisher, Santucci and Leventhal, JJ., concur.