Appeal by the defendant from a judgment of the County Court, Westchester County (Molea, J.), rendered January 13, 2009, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]) in which he moves for leave to withdraw as counsel for the appellant.
Ordered that the motion of Gerald Zuckerman for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
Ordered that Richard L. Herzfeld, Esq., 104 W. 40th Street, 20th Floor, New York, N.Y., 10018, is assigned as counsel to perfect the appeal; and it is further,
Ordered that, within 45 days of the date of this decision and order on motion, the stenographer of the trial court shall make, certify, and file two transcripts of the hearings held in connection with the order of the County Court, Westchester County, dated August 8, 2008, which denied the defendant’s motion to suppress evidence, except for those minutes previously transcribed and certified (see 22 NYCRR 671.9); and it is further,
Ordered that new counsel shall serve and file a brief on behalf *885 of the appellant within 120 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated November 15, 2011, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
The brief submitted by the appellant’s counsel pursuant to Anders v California (386 US 738 [1967]), was deficient because it failed to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Sanders, 91 AD3d 798, 799 [2012]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256 [2011]; People v Barger, 72 AD3d 696, 697 [2010]). Since the brief does not demonstrate that assigned counsel acted “as an active advocate on behalf of his . . . client” (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256 [internal quotation marks omitted]), we must assign new counsel to represent the appellant (see People v Sanders, 91 AD3d at 799; People v Foster, 90 AD3d 1070 [2011]; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.