■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAN POZNANSKI, Appellant. [948 NYS2d 359]—

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]), was deficient because

it failed to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v Sanders*, 91 AD3d 798, 799 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]; *People v Barger*, 72 AD3d 696, 697 [2010]). Since the brief does not demonstrate that assigned counsel acted "as an active advocate on behalf of his . . . client" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256 [internal quotation marks omitted]), we must assign new counsel to represent the appellant (*see People v Sanders*, 91 AD3d at 799; *People v Foster*, 90 AD3d 1070, 1071 [2011]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258).

In any event, upon this Court's independent review of the record, we conclude that potentially nonfrivolous issues exist, including, but not necessarily limited to, whether the Supreme Court properly imposed restitution where the plea minutes do not indicate that a plea of guilty was negotiated with terms that included restitution as a component of the sentence (*see People v Gibson*, 88 AD3d 1012 [2011]; *People v Ortega*, 61 AD3d 705, 706 [2009]; *People v Kegel*, 55 AD3d 625 [2008]; *People v Henderson*, 44 AD3d 873, 874 [2007]). Rivera, J.P., Hall, Lott and Cohen, JJ., concur.