■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GONZALEZ, Appellant. [953 NYS2d 897]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (Knopf, J.), imposed January 13, 2010, pursuant to CPL 440.46, upon his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on April 24, 2002. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Lynn W. L. Fahey for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Steven Banks, Esq., The Legal Aid Society, 199 Water Street—5th Floor, New York, N.Y. 10038, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcripts of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf

of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated May 5, 2010, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) was deficient because it failed to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v Poznanski*, 97 AD3d 701, 701-702 [2012]; *People v Williams*, 96 AD3d 884, 885 [2012]; *People v Sanders*, 91 AD3d 798, 799 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]; *People v Barger*, 72 AD3d 696, 697 [2010]). Since the brief does not demonstrate that assigned counsel acted "as an active advocate on behalf of . . . her client" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256 [internal quotation marks omitted]), we must assign new counsel to represent the appellant (*see People v Sanders*, 91 AD3d at 799; *People v Foster*, 90 AD3d 1070 [2011]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Additionally, there is no indication that a copy of the brief was furnished to the appellant so as to allow him to raise " 'any points that he chooses' " (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 255, quoting *Anders v California*, 386 US at 744). Rivera, J.P., Chambers, Hall and Lott, JJ., concur.