Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Hinrichs, J.), rendered June 22, 2011, convicting her of manslaughter in the first degree, upon her plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.
Ordered that the motion of Robert C. Mitchell for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
Ordered that Steven A. Feldman, Esq., 626 RXR Plaza, West Tower, 6th Floor, Uniondale, N.Y., 11556, is assigned as counsel to perfect the appeal; and it is further,
Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,
Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
The brief submitted by assigned counsel on behalf of the appellant merely recites the underlying facts, and states a bare conclusion that, after reviewing the record, it is counsel’s opinion that there are no nonfrivolous issues to be raised on appeal (see Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258 [2011]; see People v Foster, 90 AD3d 1070, 1071 [2011]). As such, the brief does not demonstrate that assigned counsel acted “as an active advocate on behalf of his . . . client” (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256 [internal quotation marks omitted]; see People v Stokes, 95 NY2d 633, 636 [2001]; People v Sanders, 91 AD3d 798, 799 [2012]). Accordingly, we must assign new counsel to represent the appellant (see People v Poznanski, 97 AD3d 701, 702 [2012]; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
*977 In any event, upon this Court’s independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the County Court properly denied the appellant’s motion to strike or redact certain portions of the presentence investigation report (see People v Freeman, 67 AD3d 1202 [2009]; cf. People v Rudduck, 85 AD3d 1557 [2011]; People v Thomas, 2 AD3d 982 [2003]), and whether a valid waiver of the right to appeal precludes appellate review of this issue (see People v Seaberg, 74 NY2d 1, 9 [1989]). Angiolillo, J.P., Leventhal, Lott and Austin, JJ., concur.