Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered September 8, 2011, convicting him of robbery in the first degree and kidnaping in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.
Ordered that the motion of Robert C. Mitchell for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant’s new counsel assigned herein; and it is further,
*918 Ordered that Mark Diamond, Esq., Box 287356, Yorkville Station, New York, N.Y., 10128, is assigned as counsel to perfect the appeal; and it is further,
Ordered that the respondent is directed to furnish a copy of the certified transcripts of the proceedings to the appellant’s new assigned counsel; and it is further,
Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated February 7, 2012, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
The brief submitted by the appellant’s assigned counsel pursuant to Anders v California (386 US 738 [1967]) is deficient because it is virtually devoid of a statement of facts and fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Singleton, 101 AD3d 909, 910 [2012]; People v Sanders, 91 AD3d 798, 799 [2012]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256 [2011]). Inasmuch as the brief does not demonstrate that assigned counsel acted “as an active advocate on behalf of his . . . client” (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256 [internal quotation marks omitted]), we must assign new counsel to represent the appellant (see People v Singleton, 101 AD3d at 910; People v Sanders, 91 AD3d at 799; People v Foster, 90 AD3d 1070, 1071 [2011]; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.