■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG R. FENNELL, Appellant. [965 NYS2d 883]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered November 30, 2011,

convicting him of conspiracy in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Judith Young for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Mark Diamond, Esq., Box 287356, Yorkville Station, New York, N.Y., 10128, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated March 7, 2012, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it does not contain an adequate statement of facts and fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v Singleton*, 101 AD3d 909, 910 [2012]; *People v Gonzalez*, 100 AD3d 921, 922 [2012]; *People v Ovalle*, 99 AD3d 1023, 1024 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Since the brief does not demonstrate that assigned counsel acted as an active advocate on behalf of her client (*see Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256), or that she diligently examined the record, we must assign new counsel to represent the appellant (*see People v Singleton*, 101 AD3d at 910; *People v Gonzalez*, 100 AD3d at 922; *People v Ovalle*, 99 AD3d at 1024; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.