■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HEINE, Appellant. [979 NYS2d 854]—Appeal by the defendant from an amended judgment of the County Court, Dutchess County (Greller, J.), rendered December 5, 2012, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of robbery in the third degree. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Thomas N.N. Angell for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Carol Kahn, Esq., 225 Broadway, Suite 1510, New York, N.Y., 10007, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf

of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated May 22, 2013, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v Fennell*, 107 AD3d 737, 738 [2013]; *People v Ervin*, 107 AD3d 736, 737 [2013]; *People v McNair*, 105 AD3d 1061, 1062 [2013]; *People v Sanders*, 91 AD3d 798, 799 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]; *People v Barger*, 72 AD3d 696, 697 [2010]). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under *Anders v California*, we must assign new counsel to represent the appellant (*see People v Singleton*, 101 AD3d 909, 910 [2012]; *People v Ovalle*, 99 AD3d 1023, 1024 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.