■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR TERRY, Appellant. [981 NYS2d 567]—

Appeal by the defendant from a judgment of the County Court, Nassau County (O'Brien, J.), rendered June 13, 2012, convicting him of possessing a sexual performance by a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The record was insufficient to insure that the defendant grasped the distinction between the trial rights automatically forfeited upon a plea of guilty and the right to appeal, especially since there is no written waiver of the right to appeal in the record (*see People v Moyett*, 7 NY3d 892 [2006]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Ayala*, 112 AD3d 646 [2013]; *cf. People v Ramos*, 7 NY3d 737, 738 [2006]). Accordingly, the de-

fendant's purported waiver of his right to appeal was invalid, and does not preclude review of his challenge to the factual sufficiency of his plea allocution.

However, the defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review since the defendant failed to move to withdraw his plea (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Colston*, 68 AD3d 1130 [2009]). Moreover, the exception to the preservation requirement, as enunciated in *People v Lopez* (71 NY2d at 666), does not apply here because the defendant's allocution did not clearly cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*see People v Young*, 88 AD3d 918 [2011]). In any event, the facts admitted by the defendant during his plea allocution were sufficient to support his plea of guilty (*see People v Goldstein*, 12 NY3d 295, 301 [2009]; *People v Seeber*, 4 NY3d 780, 781 [2005]; *People v Fooks*, 21 NY2d 338, 350 [1967], *cert denied sub nom. Robinson v New York*, 393 US 1067 [1969]). Balkin, J.P., Lott, Roman and Miller, JJ., concur.