■ The People of the State of New York, Respondent, v James E. Currie, Appellant. [1 NYS3d 389]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered November 28, 2011, convicting him of murder in the second degree, robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Martin Geoffrey Goldberg for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Marianne Karas, Esq., 980 Broadway, Thornwood, N.Y., 10594, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By decision and order on motion of

this Court dated March 2, 2012, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it does not contain an adequate statement of facts, and fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v Ervin*, 107 AD3d 736, 737 [2013]; *People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Since the brief does not demonstrate that assigned counsel acted "as an active advocate on behalf of his . . . client" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256 [internal quotation marks omitted]) or that he diligently examined the record, we must assign new counsel to represent the appellant (*see People v Ervin*, 107 AD3d at 737; *People v Singleton*, 101 AD3d at 910; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258).

Moreover, upon this Court's independent review of the record, we conclude that multiple nonfrivolous issues exist. For this reason as well, the assignment of new counsel is warranted. Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.