■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVONE MURRELL, Appellant. [2 NYS3d 917]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered February 10, 2012, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of James L. Iannone for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Jillian S. Harrington, Esq., P.O. Box 131621, Staten Island, N.Y., 10313, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated July 25, 2012, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v McNair*, 110 AD3d 742 [2013]; *People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d

252, 256 [2011]). Although assigned counsel concludes that the defendant voluntarily waived his right to appeal, he fails to address whether the defendant's plea of guilty was knowing, intelligent, and voluntary—an issue that survives a valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under *Anders v California*, we must assign new counsel to represent the appellant (*see People v McNair*, 110 AD3d 742 [2013]; *People v Singleton*, 101 AD3d at 910; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258).

Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant's plea of guilty was knowing, intelligent, and voluntary, and whether the Supreme Court failed to inform the defendant of the postrelease supervision component of his sentence (*see People v Catu*, 4 NY3d 242, 245 [2005]; *see also People v Cornell*, 16 NY3d 801, 802 [2011]; *People v Hill*, 9 NY3d 189, 191 [2007]; *People v Louree*, 8 NY3d 541, 545-546 [2007]; *People v Weichow*, 96 AD3d 883, 884 [2012]). Dillon, J.P., Chambers, Austin and LaSalle, JJ., concur.