■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL SPENCER, Appellant. [23 NYS3d 578]—Appeal by the defendant from a judgment of the County Court, Westchester

County (Everett, J.), rendered December 1, 2014, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Jason M. Bernheimer for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Thomas T. Keating, Esq., 39A Cedar Street, Dobbs Ferry, NY, 10522, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the People shall serve and file their brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to adequately analyze potential appellate issues and fails to highlight facts in the record that might arguably support the appeal (*see People v Poznanski*, 97 AD3d 701, 701-702 [2012]; *People v Williams*, 96 AD3d 884, 885 [2012]; *People v Sanders*, 91 AD3d 798, 799 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]; *People v Barger*, 72 AD3d 696, 697 [2010]). Since the brief does not demonstrate that assigned counsel has fulfilled his obligations under *Anders v California* (386 US 738 [1967]), we must assign new counsel to represent the appellant (*see People v Sanders*, 91 AD3d at 799; *People v Foster*, 90 AD3d 1070 [2011]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.