■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL T. WILLIAMS, Appellant. [24 NYS3d 379]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Quinn, J.), rendered September 3, 2014, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Martin Geduldig for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the new counsel assigned herein; and it is further,

Ordered that Thomas J. Butler, Esq., P.O. Box 665, Melville, NY, 11747, is assigned as new counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief, if any, within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated January 20, 2015, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to contain an adequate statement of facts, fails to analyze potential appellate issues, and fails to highlight facts in the record that might arguably support the appeal (*see People v McNair*, 110 AD3d 742, 743 [2013]; *People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89

AD3d 252, 256 [2011]). Although assigned counsel, in effect, concludes that the defendant validly waived his right to appeal, he fails to address any issues that would survive a waiver of the right to appeal (*see People v Deprosperis*, 126 AD3d 997, 998 [2015]; *People v Murrell*, 126 AD3d 918, 919 [2015]). Specifically, the statement of facts does not review, among other things, the defendant's motion to dismiss the indictment on the ground that his constitutional right to a speedy trial had been violated. Since the brief does not demonstrate that assigned counsel acted "as an active advocate on behalf of his . . . client" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256 [internal quotation marks omitted]), or that he diligently examined the record, this Court must assign new counsel to represent the appellant (*see People v Currie*, 125 AD3d 684, 685 [2015]; *People v Ervin*, 107 AD3d 736, 737 [2013]; *People v Singleton*, 101 AD3d at 910; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.