■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASHAWN FASHAW, Appellant. [31 NYS3d 220]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered March 16, 2011, convicting him of assault in the second degree and resisting arrest, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Brian E. O'Donoghue for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Matthew Muraskin, Esq., 646 Main Street, Port Jefferson, NY 11777, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated June 15, 2011, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v Heine*, 114 AD3d 806, 807 [2014]; *People v Fennell*, 107 AD3d 737, 738 [2013]; *People v Ovalle*, 99 AD3d 1023, 1024 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89

AD3d 252, 256 [2011]). Since the brief does not demonstrate that assigned counsel has fulfilled his obligations under *Anders v California*, we must assign new counsel to represent the appellant (*see People v Heine*, 114 AD3d at 807; *People v Fennell*, 107 AD3d at 738; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256).

Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, inter alia, with respect to whether the defendant waived his right to appeal (*see People v Terry*, 115 AD3d 683, 683-684 [2014]; *People v Johnson*, 113 AD3d 635, 635 [2014]) and, if so, whether such waiver was valid, and if not, whether the County Court improvidently exercised its discretion in denying youthful offender status (*see* CPL 720.20 [1]; *People v Rudolph*, 21 NY3d 497, 501 [2013]). Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 261). Austin, J.P., Cohen, Miller and Duffy, JJ., concur.