Appeal by the defendant from a judgment of the County Court, Westchester County (Minihan, J.), rendered October 20, 2015, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant. Ordered that the motion of Judith E. Permutt for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to the appellant’s new counsel assigned herein; and it is further, Ordered that Leonard J. Levenson, 225 Broadway, Suite 1804, New York, NY, 10007, is assigned as counsel to perfect the appeal; and it is further, Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant’s new assigned counsel; and it is further, Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated February 22, 2016, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other. The brief submitted by the appellant’s assigned counsel pursuant to Anders v California (386 US 738 [1967]) is deficient because it fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Spencer, 135 AD3d 971, 972 [2016]; People v Abdul, 102 AD3d 976, 976 [2013]; People v Poznanski, 97 AD3d 701, 701-702 [2012]; People v Williams, 96 AD3d 884, 885 [2012]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256 [2011]). Since the brief does not demonstrate that assigned counsel has fulfilled her obligations under Anders v California (386 US 738 [1967]), we must assign new counsel to represent the appellant (see People v Spencer, 135 AD3d at 972; People v Heine, 114 AD3d 806, 807 [2014]; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). Leventhal, J.P., Chambers, Maltese and Duffy, JJ., concur.