Matter of Hugee v Gadsden (2018 NY Slip Op 05844)





Matter of Hugee v Gadsden


2018 NY Slip Op 05844


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-05784 ON MOTION
 (Docket No. V-8484-09)

[*1]In the Matter of Danieller I. Hugee, appellant,
v
Anthony Gadsden, respondent.


David Laniado, Cedarhurst, NY, for appellant.
Larry S. Bachner, New York, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Chai Park and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a child custody proceeding, the mother appeals from an order of the Family Court, Kings County (Robert D. Mulroy, J.), dated May 15, 2017. The order, upon the granting of the father's motion, made at the close of the mother's case, to dismiss the petition for failure to make out a prima facie showing of changed circumstances, dismissed the mother's petition to modify a prior order of the same court dated May 12, 2011, which had awarded custody of the parties' child to the father upon the mother's default. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion is granted, David Laniado is relieved as counsel for the appellant, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Linda C. Braunsberg, 370 Powell Street, Apt. 2, Staten Island, NY, 10312, is assigned as counsel to perfect the appeal from the order dated May 15, 2017; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent and the attorney for the child shall serve and file their briefs within 120 days of this decision and order on motion. By prior order of this Court dated June 7, 2017, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy of each other.
Upon this Court's independent review of the record, we conclude that a nonfrivolous issue exists as to whether the Family Court providently exercised its discretion in granting the [*2]father's motion, made at the close of the mother's case, to dismiss the mother's petition for failure to make out a prima facie showing of changed circumstances since the father was awarded custody of the parties' child in an order dated May 12, 2011 (see generally S.L. v J.R., 27 NY3d 558, 563; compare Matter of Izquierdo v Santiago, 151 AD3d 967, with Matter of Scott v Powell, 146 AD3d 964). Since a review of the record by the Appellate Division cannot substitute for the single-minded advocacy of appellate counsel, assignment of new counsel to prosecute the appeal is warranted (see Matter of Nava v Kinsler, 78 AD3d 837; Swanton v Swanton, 70 AD3d 927).
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court