Matter of Lopez v Prudencio (2018 NY Slip Op 06243)





Matter of Lopez v Prudencio


2018 NY Slip Op 06243


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-06126 ON MOTION
 (Docket Nos. V-6915-13, V-6916-13)

[*1]In the Matter of Conrado Lopez, respondent,
v
Kenia Prudencio, appellant.


Jan Murphy, Huntington, NY, for appellant.
Janice Peretzman, Garden City, NY, for respondent.
Gail M. Berkowitz, Northport, NY, attorney for the children (no brief filed).



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Robert LoPresti, Ct. Atty. Ref.), dated April 21, 2017. The order, insofar as appealed from, after a hearing, granted the father's petition for sole custody of the parties' children. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Jan Murphy for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Kristina Heuser, P.O. Box 672, Locust Valley, NY, 11560, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent and the attorney for the children shall serve and file their briefs within 30 days after the brief on behalf of the appellant is served and filed. By order on certification of this Court dated July 10, 2017, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
The brief submitted by the appellant's assigned counsel pursuant to Anders v California (386 US 738) was deficient and fails to demonstrate that assigned counsel acted as an advocate on behalf of her client (see People v Abdul, 102 AD3d 976, 976; People v Poznanski, 97 AD3d 701, 702; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256). Accordingly, we must assign new counsel to represent the appellant (see People v Abdul, 102 AD3d at 976; People v Poznanski, 97 AD3d at 702; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256).
Moreover, upon this Court's independent review of the record, we conclude that a [*2]nonfrivolous issue exists as to whether the Family Court's custody determination was supported by a sound and substantial basis in the record, in particular regarding the relative fitness of the parents (see Matter of Islam v Lee, 115 AD3d 952, 953; Matter of Miguel R. v Maria N., 104 AD3d 771, 772; Matter of Chery v Richardson, 88 AD3d 788, 788; see generally Eschbach v Eschbach, 56 NY2d 167, 171). Since a review of the record by the Appellate Division cannot substitute for the single-minded advocacy of appellate counsel, assignment of new counsel to prosecute the appeal is warranted (see Matter of Nava v Kinsler, 78 AD3d 837).
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court