People v Beatty (2019 NY Slip Op 05141)





People v Beatty


2019 NY Slip Op 05141


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-02165
 (Ind. No. 9722/16)

[*1]The People of the State of New York, respondent,
v
Issiaha Beatty, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered December 5, 2017, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Paul Skip Laisure for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the new counsel assigned herein; and it is further,
ORDERED that Janet E. Sabel, The Legal Aid Society, 199 Water Street-5th Floor, New York, NY 10038, is assigned as new counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated April 27, 2018, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first " satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83; see People v Murray, 169 AD3d 227). "[C]ounsel must, at a minimum, draw the Court's attention to [*2]the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258; see People v Murray, 169 AD3d at 231-232). If assigned counsel's Anders brief is deficient in this respect, "new counsel must be assigned to perform a new appellate review" (People v Murray, 169 AD3d at 232).
Here, the brief submitted by the appellant's counsel pursuant to Anders is deficient because it failed to analyze potential appellate issues with reference to the relevant legal authority or highlight facts in the record that might arguably support the appeal (see generally People v Deprosperis, 126 AD3d 997, 998; People v Sedita, 113 AD3d 638, 639-640). The brief also fails to contain an adequate statement of facts, as it does not review, or even reference, the Supreme Court's order granting the People's motion pursuant to CPL 240.40(2)(b)(v) to compel the defendant to submit a buccal swab (cf. People v Roshia, 133 AD3d 1029, 1030, affd 28 NY3d 989). Since the brief does not demonstrate that assigned counsel has fulfilled his obligations under Anders we must assign new counsel to represent the appellant (see People v Williams, 135 AD3d 977, 978).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court