Matter of Parsons v Kapp (2019 NY Slip Op 05539)





Matter of Parsons v Kapp


2019 NY Slip Op 05539


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-06024 ON MOTION
 (Docket No. V-9514-17)

[*1]In the Matter of David Parsons, respondent,
v
Kristin Kapp, appellant.


Thomas J. Butler, Melville, NY, for appellant.
Jordan M. Freundlich, Lake Success, NY, attorney for the child (no brief filed).



DECISION & ORDER
In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Theresa Whelan, J.), dated May 14, 2018. The order, after a hearing, granted the father's petition for sole legal custody of the child, and awarded weekly supervised parental access to the mother. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Thomas J. Butler for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Glenn Gucciardo, 256 Main Street, Suite 206, Northport, NY, 11768, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent and the attorney for the child shall serve and file their briefs within 30 days after the brief on behalf of the appellant is served and filed. By order on certification of this Court dated July 16, 2018, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties and the attorney for the child are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the Family Court's custody determination was supported by a sound and substantial basis in the record, in particular, regarding the relative fitness of the parents (see Altieri v Altieri, 156 AD3d 667, 668-669; Matter of Islam v Lee, 115 AD3d 952, 953, quoting Matter of Miguel R. v Maria N., 104 AD3d 771, 772; Matter of Chery v Richardson, 88 AD3d 788, 788; see generally Eschbach v Eschbach, 56 NY2d 167, 171). Since the mother is entitled to the single-minded advocacy of appellate counsel, assignment of new [*2]counsel to prosecute the appeal is warranted (see Matter of Lopez v Prudencio, 164 AD3d 1447; Matter of Nava v Kinsler, 78 AD3d 837).
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court