People v Davis (2026 NY Slip Op 00793)

People v Davis

2026 NY Slip Op 00793

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2019-06113 ON MOTION
 (Ind. No. 1692/17)

[*1]The People of the State of New York, respondent,
vRandy N. Davis, appellant.

Stephen R. Mahler, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Monica M. C. Leiter of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Christopher G. Quinn, J.), rendered May 9, 2019, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Stephen R. Mahler for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Richard M. Langone, 600 Old Country Road, Suite 328, Garden City, NY, 11530, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated June 27, 2019, the appellant was granted a waiver of costs, fees, and expenses and the assignment of counsel, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service (see 22 NYCRR 670.9[a]).
"An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps" (People v Bolton, 216 AD3d 812, 813). First, the court evaluates assigned counsel's brief, "which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (People v Murray, 169 AD3d 227, 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). "The second step is to determine whether counsel's assessment that there are no nonfrivolous issues for appeal is [*2]correct" (People v Bolton, 216 AD3d at 813). "In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "Appeals that present issues that may be arguable on their merits—even if weakly or marginally so—must be perfected to fulfill the defendant's right to receive, and the attorney's obligation to provide, zealous representation" (People v Murray, 169 AD3d at 231). If the court concludes that nonfrivolous issues could be raised on appeal, the court must assign new counsel to pursue the appeal on the defendant's behalf (see Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
The brief submitted by the appellant's assigned counsel pursuant to Anders v California (386 US 738) is deficient because it fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v Spencer, 135 AD3d 971, 972; People v Abdul, 102 AD3d 976, 976; People v Poznanski, 97 AD3d 701, 701-702; People v Williams, 96 AD3d 884, 885; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 256). Since the brief does not demonstrate that assigned counsel has fulfilled his obligations under Anders v California, we must assign new counsel to represent the appellant (see People v Spencer, 135 AD3d at 972; People v Heine, 114 AD3d 806, 807; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Moreover, upon our independent review of the record, we agree with the People that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant validly waived his right to counsel, whether the court denied the defendant his right to make a statement at sentencing, and whether the sentence imposed was excessive (see CPL 380.50[1]; People v Crampe, 17 NY3d 469, 481-482; People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., DOWLING, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court